UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

COLONY INSURANCE COMPANY     CIVIL ACTION

VERSUS     NO. 22-4573

EVANSTON INSURANCE COMPANY     SECTION: "J"(4)

## ORDER AND REASONS

Before the Court is a *Motion to Dismiss* (Rec. Doc. 8) filed by Defendant, Evanston Insurance Company; an opposition (Rec. Doc. 22) filed by Plaintiff, Colony Insurance Company; and a reply (Rec. Doc. 26) filed by Defendant. Having considered the motion and legal memoranda, the record, and the applicable law, the court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiff, Colony Insurance Company ("Colony") filed suit against Evanston Insurance Company ("Evanston") on September 27, 2022, in the 24th Judicial Court for the Parish of Jefferson. Evanston removed the case to this Court on November 18, 2022, on the basis of diversity. Colony brought the suit in its capacity as alleged subrogee of Design Management Group, L.L.C. ("DMG"). On May 3, 2021 and May 18, 2021,[1] DMG contracted with Erik and Rebecca Frank to renovate the Franks' residence in Kenner, Louisiana. On April 22, 2021, DMG subcontracted with Southern Hammer & Nail Builders LLC ("Southern Hammer") to perform roofing and framing services on the home, namely, "[d]emo and [f]rame joist, rafters, walls,

---

[1] It is unclear from Plaintiff's state court Petition for Damages which date DMG contracted for the residential renovation project. See (Colony's Petition for Damages in Subrogation, ¶ 4; Rec. Doc 8-2).

subfloor, and associated framing[…] includ[ing] installation of windows & getting addition watertight." (Rec. Doc. 9, at 2). Southern Hammer commenced work on the project on April 28, 2021. Colony alleges that Southern Hammer failed to properly secure the roof with an appropriate tarp, allowing water intrusion into the residence, causing water damage to the home. DMG discontinued Southern Hammer's involvement in the project on May 19, 2021.

In its complaint, Colony asserts that Southern Hammer's acts and omissions caused damage to the home. Colony also claims that Southern Hammer breached an express or implied warranty of workmanship by failing to ensure that its employees and subcontractors were qualified to perform the services rendered and failed to ensure that the project was executed in line with the subcontract, which included making the roof watertight. Colony issued a general liability policy to DMG for the period of March 7, 2021, to March 7, 2022, so the policy was in effect at the time the water damage occurred at the Frank residence. Colony asserts that it has paid to or on behalf of DMG $713,084.00 because of Southern Hammer's act or omissions. Colony asserts that Evanston Insurance Company issued Southern Hammer an insurance policy that provided for liability coverage for Southern Hammer's negligence and covered the damage caused to the home.

Colony claims that it "is subrogated legally, conventionally, and by the terms of its policy, to the rights and interests of its insured DMG and is entitled to reimbursement of the payment made or to be made due to the acts, fault, omissions, and/or negligence of Southern Hammer." (Rec. Doc. 22, at 3). Colony Insurance

Company does not presently have a judgment against Southern Hammer. Rather, Colony seeks to recover against Evanston the amounts it paid to or on behalf of DMG, because Evanston Insurance Company is a liability insurer for Southern Hammer.

On December 9, 2022, Evanston filed the instant motion to dismiss asserting (1) that the "no action" clause in Evanston's policy issued to Southern Hammer precludes Colony's lawsuit against Evanston, (2) that Southern Hammer is not legally obligated to pay damages, and (3) that Colony may not avail itself of Louisiana's Direct-Action Statute. Evanston has also denied coverage or defense to DMG. Colony filed its response to the motion on February 28, 2023, asserting that it had pled sufficient facts in its supplemental and amended complaint, in which Colony added Southern Hammer as a defendant, to state a cause of action against Evanston and that DMG was an additional insured under Southern Hammer's policy with Evanston.

In reply, Evanston argues that Colony's amendment does not cure all the defects raised in Evanston's motion to dismiss because the claims were prescribed and also because the Direct Action Statute does not authorize a direct action based on breach of contract. Evanston also contends that the fact that DMG qualifies as an additional insured under its policy only indicates that Evanston must provide a defense for DMG for costs associated with a lawsuit due to Southern Hammer's negligence, and there was no suit against DMG in connection with the water damage that Evanston failed to defend.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). However, "'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

## **DISCUSSION**

1. **Colony cannot avail itself of the Louisiana Direct Action Statute**

The Louisiana Direct Action Statute, La. R.S. 22:1269, is a vehicle for a tort victim to bring a direct suit "to recover damages for personal injury or corporeal property damage from the tortfeasor's insurer." *Quinlan v. Liberty Bank & Tr. Co.*, 575 So. 2d 336, 352 (La. 1990). The act was designed to correct the perceived injustice

created by "insurer's avoidance of tort victims' direct suits by use of 'no action' clauses in insurance policies." *Id.* at 350. Still, while the Louisiana Direct Action statute is designed to "facilitate the recovery of damages *ex delicto*; it does not authorize a direct action based solely on a breach of contract." *Id.*

Colony has brought this suit as the alleged subrogee of DMG. A "subrogated insurer acquires no greater rights than those possessed by its subrogor." *Bazer v. Honda Motor Co., Ltd.*, 2003-1373 (La. App. 3 Cir. 3/31/04), 872 So. 2d 536. Thus, even assuming Colony has the same rights as DMG, Colony has failed to assert a proper claim which would satisfy the requirements of the Louisiana Direct Action Statute because neither DMG nor Colony are tort victims. Colony cannot avail itself of the Louisiana Direct Action Statute, because it is well settled that the statute "does not authorize a direct action based solely on a breach of contract." *Quinlan*, 575 So. 2d at 352. In this case, the only persons who could potentially be identified as tort victims would be the homeowners, Erik and Rebecca Frank, who sustained the alleged damage to their residence. Thus, pursuant to the Louisiana Direct Action Statute, the Franks could have joined Evanston in a suit despite the no action provision in Evanston's Insurance Policy, because Evanston served as Southern Hammer's alleged liability insurer.[2]

Moreover, the Louisiana Direct Action Statute does not authorize direct actions against another party's insurer based on a breach of contract claim. *See Pate v. Tim Clarke Construction, LLC*, 487 F. Supp. 3d 536 (E.D. La. 2020). In *Pate v. Tim*

---

[2] A determination of negligence on the part of Southern Hammer is not necessary for this Court's determination on the present Motion to Dismiss.

*Clarke Construction*, a homeowner sued to recover for damages for allegedly faulty elevation work performed on their residential property by a contractor. *See id.* There, the Plaintiff's claims arose from the contractor's express or implicit obligations under the contract. *See id.* This Court found that the plaintiff had no procedural right to sue their insurer under the Direct Action Statute, because their claims were for breach of contract, rather than tort, and accordingly the insurer was entitled to dismissal of the claims under Fed. R. Civ. P. 12(b)(6). *See id.* at 546. Similarly, Colony, as the alleged subrogee of DMG, has claims based on the subcontract between DMG and Southern Hammer, rather than tort claims, and as such neither Colony nor DMG may avail themselves of the Louisiana Direct Action Statute to directly pursue Evanston as Southern Hammer's liability insurer.

## 2. The "No Action" clause in Evanston's Policy

Defendant Evanston Insurance Company issued a general liability policy with a policy period from March 4, 2021 to March 4, 2022. Evanston's general liability policy reads in pertinent part:

> **Legal Action Against Us**
> No person or organization has a right under this Coverage Part:
> a. To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or
> b. To sue us on this Coverage Part unless all of its terms have been fully complied with.
>
> **A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured**; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance. **An agreed settlement means a settlement and release of liability signed by us, the insured, and the claimant or the claimant's legal representative**.

(Rec. Doc. 8-2) (emphasis added). This contract language states that, that to bring suit against Evanston for damages from an insured, a person or organization must first sue and recover on an agreed settlement or on a final judgment against the insured. As such, to sue Evanston, Colony or DMG would be required to exact a final judgment against Southern Hammer or enter into a settlement agreement with Evanston and Southern Hammer. Thus, the "No Action" clause in Evanston's Policy precludes Colony's suit against Evanston because neither Colony nor DMG has obtained a final judgment against Evanston's insured, Southern Hammer, nor has Colony or DMG entered into a settlement agreement with Evanston and Southern Hammer.

Evanston did not join Southern Hammer as a defendant in this action until the most recent Amended Complaint filed December 27, 2022, which claimed that Evanston was obligated to provide liability coverage for the negligence caused by Southern Hammer. (Rec. Doc. 9). The Complaint does not indicate that Evanston, DMG, Southern Hammer, or Colony reached a settlement. Moreover, the facts as presented in the Complaint do not allege that either Colony or DMG have sought to obtain a final judgment against Southern Hammer awarding DMG or Colony the $713,084.00 in damages sought.

When Louisiana's Direct Action Statute is rendered inapplicable, Louisiana courts will enforce "no action" clauses in insurance agreements. *See Morse v. Hartford Casualty Insurance Company*, 326 So. 2d 390 (La. App. 3 Cir. 1976). In *Morse v. Hartford Casualty Insurance Company,* the Louisiana Direct Action Statute was

rendered inapplicable where one liability insurer sued another for contribution and the right of the injured party or their subrogee to maintain the action was conditioned upon the final determination by judgment or written agreement of its insured's liability for the injured party. *See id.* at 392. The court found that if the injured party's right was so conditioned, then "no right of action may lie against that insurer for damages or contribution until such a determination has been made." *Id.* Furthermore, in *England Ins. Co. v. Barnett*, the Fifth Circuit rejected the argument that the insurance policy's no action clause should be rendered unenforceable on public policy grounds and found that there was "no support" for the contention that no action and consent to settle clauses are against Louisiana public policy, and thus unenforceable. *England Ins. Co. v. Barnett*, 465 Fed. Appx. 303, 306 (5th Cir. 2012). The court found that "[t]he limited case law in this area has in fact concluded that no action and consent to settle clauses are consistent with Louisiana public policy." *Id.* at 307.

Here, because no party has obtained a judgment against Southern Hammer, Evanston's insured, and neither Southern Hammer nor Evanston was a party to a valid and enforceable settlement agreement, Colony cannot hold Evanston liable for the $713,084.00 allegedly paid to or on the behalf of DMG.

### 3. Colony's tort claims are prescribed

The damage to the Franks' residence occurred between the dates of April 28, 2021 and May 19, 2021, and Colony did not initiate suit until September 27, 2022. As a result, even if Colony could assert a proper tort claim under the Direct Action

statute, it would be prescribed, because Colony initiated suit more than one year after the water damage occurred. *See Fidelity Nat'l Bank of Baton Rouge v. Aetna Cas. & Surety Co.*, 584 F. Supp. 1039, 1051 (M.D. La. 1984) (finding that should the insurer proceed under a claim for subrogation, it was clear that the "third-party demand having been filed more than a year after the discovery of the loss, has prescribed"). Were DMG to have any tort claim against Southern Hammer for the water damage caused to the residence, the claim would have been prescribed one year from the date on which the damage occurred. *See Barnes v. Fireman's Fund Ins. Co.*, 399 So. 2d 1318 (La. App. 4 Cir. 1981) (holding that insurer's third-party demand seeking indemnity for vandalism damage was prescribed as it was filed more than one year following the loss).

Accordingly,

## CONCLUSION

**IT IS HEREBY ORDERED** that the motion to dismiss (Rec. Doc. 8) is **GRANTED,** and Colony's claims against Evanston are **DISMISSED**.

New Orleans, Louisiana, this 25th day of April, 2023.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE