UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COLONY INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO. 22-4573 |
| EVANSTON INSURANCE COMPANY | SECTION: "J"(4) |

## ORDER AND REASONS

Before the Court is a *Motion for New Trial Regarding the Granting of Evanston Insurance Company's 12(b)(6) Motion to Dismiss or, in the Alternative, for Reconsideration of Judgment* **(Rec. Doc. 30)** filed by Plaintiff, Colony Insurance Company; an opposition (Rec. Doc. 32) filed by Defendant, Evanston Insurance Company; and a reply (Rec. Doc. 35) filed by Plaintff. Having considered the motion and legal memoranda, the record, and the applicable law, the court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

Colony Insurance Company ("Colony") insured Design Management Group ("DMG"), which served as the general contractor for a residential renovation project in Kenner, Louisiana. DMG subcontracted with Southern Hammer & Nail Builders LLC ("Southern Hammer") to perform roofing and framing work on the project. Defendant, Evanston Insurance Company ("Evanston") insured Southern Hammer. Colony alleges that Southern Hammer failed to properly secure the roof with an appropriate tarp, allowing water intrusion into the residence, causing water damage to the home, and DMG eventually terminated Southern Hammer on May 19, 2021.

In the instant motion for reconsideration, Colony provided additional facts not included in its previous pleadings. On May 6, 2021, DMG notified its insurance agent of a potential claim. On May 19, 2021, DMG informed Colony that Southern Hammer tendered a claim to Evanston and that Southern Hammer agreed to make and fund the repairs. Evanston did not adjust DMG's claim, and on July 2, 2021, DMG contacted Colony to submit a claim. On July 15, 2021, Colony sent a demand letter to Southern Hammer and its broker TWFG Insurance Services seeking defense and indemnification of that claim. On September 2, 2021, Evanston denied coverage on the claim, and Colony ultimately paid $713,084.00 to or on behalf of DMG. On October 21, 2021, DMG executed an "Assignment of Causes of Action" assigning to Colony all of its causes of action against Southern Hammer and Evanston.

Colony filed suit against Evanston on September 27, 2022, claiming that it "is subrogated legally, conventionally, and by the terms of its policy, to the rights and interests of its insured DMG and is entitled to reimbursement of the payment made or to be made due to the acts, fault, omissions, and/or negligence of Southern Hammer." (Rec. Doc. 22, at 3). On December 9, 2022, Evanston filed a 12(b)(6) motion to dismiss asserting (1) that the "no action" clause in Evanston's policy issued to Southern Hammer precludes Colony's lawsuit against Evanston, (2) that Southern Hammer is not legally obligated to pay damages, and (3) that Colony may not avail itself of Louisiana's Direct-Action Statute. (Rec. Doc. 8). On December 27, 2022, Colony filed a Supplemental and Amended Complaint, adding Southern Hammer as a defendant alleging the following new claims: (1) that DMG qualifies as an additional

insured under the Evanston policy; (2) that despite Southern Hammer and Evanston's obligations, Evanston denied coverage to DMG, including defense and indemnity obligations; (3) that the subcontract between DMG and Southern Hammer and Evanston's policy language require Evanston to defend and indemnify DMG and reimburse Colony for the $713,084.00 paid due to Southern Hammer's negligence and acts/omissions; and (4) that CIC is entitled to declaratory judgment that Evanston and Southern Hammer are obligated to defend and indemnify and provide additional insured status to DMG. (Rec. Doc. 9).

On January 27, 2023, Evanston filed an answer to the amended complaint; (Rec. Doc. 19); and on February 28, 2023, Colony filed a response memorandum in opposition to Evanston's motion to dismiss (Rec. Doc. 22). The Court granted Evanston's motion to dismiss on April 25, 2023. (Rec. Doc. 28). In that Order and Reasons, the Court found that Colony's amended complaint did not cure the defects raised in the motion to dismiss because a "no action" clause in Evanston's policy precluded suits against Evanston unless a person or organization obtained a final judgment against or settlement with Evanston's insured, Southern Hammer. *Id.* at 6-7. Because Louisiana's Direct Action statute was inapplicable to the contract claim, the "no action" clause was enforceable, and without a judgment or settlement agreement, Colony could not hold Evanston liable for the $713,084.00 that Colony paid to or on the behalf of DMG. *Id.* at 8.

Colony filed the instant motion for new trial or reconsideration on May 23, 2023, Evanston responded on June 20, 2023, and Colony filed a reply on June 26, 2023.

## **LEGAL STANDARD**

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). However, the Fifth Circuit has consistently recognized that parties may challenge a judgment or order under Federal Rules of Civil Procedure 59(e). *Southern Snow Manufacturing Co, Inc. v. Snowizard Holdings, Inc.*, 921 F. Supp. 2d 548, 563–64 (E.D. La. 2013).

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A motion to alter or amend calls into question the correctness of a judgment and is permitted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence." *Id.*; *see also Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

Courts have noted that motions to reconsider or amend a final or partial judgment are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." *Templet*, 367 F.3d at 478-79; *Snowizard*, 921 F. Supp. 2d at 565. Also, such motions should not be used to "re-litigate prior matters that . . . simply have been resolved to the movant's dissatisfaction." *See Voisin v. Tetra Techs., Inc.*, No. 08-1302, 2010 WL 3943522, at

*2 (E.D. La. Oct. 6, 2010). Thus, to prevail on a motion under Rule 59(e), the movant must clearly establish at least one of four factors: (1) the motion is necessary to correct a manifest error of law, (2) the movant presents newly discovered or previously unavailable evidence, (3) the motion is necessary in order to prevent manifest injustice, or (4) the motion is justified by an intervening change in controlling law. *Snowizard*, 921 F. Supp. 2d at 565; *Schiller*, 342 F.3d at 567; *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005).

## DISCUSSION

Colony argues that reconsideration is warranted because Evanston's motion to dismiss was and is moot and because Colony amended its complaint sufficiently to address the purported defects, provide additional claims, and add Southern Hammer as a defendants.

### I. Whether Evanston's motion to dismiss was moot

Even though Colony filed an amended pleading after Evanston filed its motion to dismiss, the motion was not moot when the Court ruled on it. Colony argues that, because Evanston's motion was filed in response to Colony's original complaint only, the motion did not apply to the subsequent amended complaint. (Rec. Doc. 30-1, at 5). Colony also argues that, because Evanston filed its answer to the amended complaint prior to the Court's granting of the motion to dismiss, the motion to dismiss is moot. *Id.*

As a threshold matter, the Court notes that, in its opposition to the motion to dismiss, Colony failed to argue that Evanston's answer mooted its earlier motion.

Additionally, Evanston, in its reply, argued that the amended complaint did not cure all defects raised in its 12(b)(6) motion.

> Generally when an amended pleading is filed,
>
> defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading. To hold otherwise would be to exalt form over substance.

C. Wright & A. Miller, *Effect of an Amended Pleading*, 6 Fed. Prac. & Proc. Civ. § 1476 (3d ed. 2023). Evanston also cites to *Brunig v. Clark*, in which the Fifth Circuit held that a defendant was not obligated to wait to answer until the court ruled on its motion. 560 F.3d 292 (5th Cir. 2009)

Therefore, although Evanston filed an answer after its motion, the answer did not moot its pending motion to dismiss. In this case, the Court considered Evanston's motion to dismiss, as well as the arguments in its reply memorandum, as being addressed to Colony's amended complaint.

## II. Whether Colony's amended complaint cured the defects raised in Evanston's motion to dismiss

Although Colony does not specify which of the four factors justify reconsideration, Colony implies that the Court made a manifest error of law in granting Evanston's motion to dismiss. Specifically, Colony reiterates its arguments that in its amended complaint, it stated a claim for defense, indemnity, reimbursement, and additional insured status via declaratory judgment and that Evanston cannot rely on the "no action" clause in its policy. (Rec. Doc. 30-1). Colony

and Evanston agree that Colony has no viable claim against Evanston under Louisiana's Direct Action Statute. (Rec. Docs. 30-1, at 10; 32, at 9).

Colony contends that it is an additional insured under DMG's policy with Evanston and argues that its amended complaint states a claim, standing in the shoes of DMG, for Evanston's refusal to provide a defense for DMG. (Rec. Doc. 30-1, at 7). Specifically, Colony points to provisions in the subcontract between DMG and Southern Hammer, where Southern Hammer agreed to protect, defend and indemnify DMG and provide DMG a Certificate of Insurance listing DMG as an additional insured. *Id.*; Amended Complaint, Rec. Doc. 9, at 4. Evanston's policy issued to Southern Hammer also provides a blanket additional insured endorsement that additional insureds include any entity to whom Southern Hammer was required by valid written contract to provide such coverage. (Amended Complaint, Rec. Doc. 9, at 5-6; Rec. Doc. 30-1, at 8-9). Thus, because of the language of the written subcontract to provide coverage to DMG, Colony claims that DMG qualifies as an additional insured under the Evanston Policy, even though the policy does not specifically name DMG as an additional insured.

The only named insured in the Evanston Policy is Southern Hammer. (Rec. Doc. 8-3, at 2). The additional insured endorsement provides:

> Who Is An Insured is amended to include an additional insured any person or entity to whom [Southern Hammer] are required by valid written contract or agreement to provide such coverage, but only with respect to "bodily injury," "property damage,". . .a and "personal and advertising injury" caused, in whole or in part, by the negligent acts or omissions of the Named Insured. . .

*Id.* at 48. Thus, under the clear and unambiguous language of the endorsement, additional-insured status extends only when required by contract and only with respect to injury and property damage caused by Southern Hammer's negligent acts or omissions. Thus, because the subcontract between Southern Hammer and DMG required additional insured coverage, the Court finds that DMG was an additional insured under the Evanston policy.

Colony argues that, because it is the subrogee of DMG, Colony properly initiated this lawsuit against Evanston as its insurer based on Evanston's breach of contract. (Rec. Doc. 30-1, at 10). However, Evanston asserts that Colony failed to state a claim against Evanston because DMG was never sued and never became legally obligated to pay damages. (Rec. Doc. 32, at 10).

> Evanston's insurance agreement with DMG provides that Evanston will:
>
> Pay those sums that the Insured becomes legally obligated to pay as damages because of "bodily injury or property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. . . No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for. . .

(Rec. Doc. 8-3, at 22). The policy goes on to define "suit" as a "civil proceeding in which damages because of. . . property damage to which this insurance applies are alleged." *Id.* at 37. A "suit" also includes any "arbitration proceeding" and "any other alternative dispute resolution proceeding in which such damages are claimed." *Id.* Evanston notes that Colony does not dispute that DMG was not legally obligated to pay damages and the homeowners never filed suit against DMG. (Rec. Doc. 32, at 11). The Court also finds that the plain wording of Evanston's insurance contract requires

a "suit" against DMG or DMG's legal obligation to pay damages in order for Evanston to pay the sums for its insureds (including for DMG). Viewed in the light most favorable to Colony, these facts do not demonstrate that the Court made a manifest error of law in dismissing Colony's amended complaint.

Next, Colony argues that Evanston's "no action" clause is ineffective because "there is no justification for the insurer's refusal to pay and the payment made actually saves the insurer money." (Rec. Doc. 30-1, at 12). Evanston's policy reads in pertinent part:

> **2. Duties in the Event of Occurrence, Offense, Claim or Suit. . .**
> **d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent. . .
>
> **3. Legal Action Against Us**
> No person or organization has a right under this Coverage Part:
> a. To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or
> b. To sue us on this Coverage Part unless all of its terms have been fully complied with.
>
> **A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured**; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance. **An agreed settlement means a settlement and release of liability signed by us, the insured, and the claimant or the claimant's legal representative**.

(Rec. Doc. 8-3, at 32) (emphasis added). Because no final judgment has been taken against Southern Hammer or DMG and because there was no settlement to which Evanston was a party, Evanston argues that the contract language precludes the suit against it. (Rec. Doc. 32, at 11). Evanston also maintains that DMG, as a purported additional insured, did not have authority to decide its own liability and seek

reimbursement, or voluntarily make a payment. *Id.* at 14. As the Court explained in its previous Order and Reasons addressing this argument, the Court agrees with Evanston that the "no action" clause in the policy precludes Colony's suit against Evanston because there has been no final judgment against Evanston's insureds, nor have any of the parties entered into a settlement agreement. (Rec. Doc. 28, at 7). Colony presents no new evidence or law in its motion that could justify the extraordinary remedy of reconsidering of this conclusion.

Finally, Colony raises the argument for the first time in its motion for reconsideration that Louisiana courts decline to enforce no action clauses where an insurer wrongfully refuses to defend its insured or unjustifiably delays settlement under circumstances where time is of the essence. (Rec. Doc. 30-1). Again, a motion to reconsider or amend a judgment is not the proper vehicle for rehashing legal theories arguments that could have been offered before entry of judgment. Furthermore, neither Colony's amended complaint nor Colony's opposition to the original motion to dismiss plead any facts that could allow the Court to draw inferences that Evanston wrongfully refused to defend its insured or unjustifiably delayed settlement.

Accordingly,

## CONCLUSION

**IT IS HEREBY ORDERED** that the *Motion for New Trial Regarding the Granting of Evanston Insurance Company's 12(b)(6) Motion to Dismiss or, in the*

*Alternative, for Reconsideration of Judgment* **(Rec. Doc. 30)** filed by Plaintiff, Colony Insurance Company should be **DENIED.**

New Orleans, Louisiana, this 26th day of July, 2023.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE